IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 5:25-cv-256

| | | |
|---|---|---|
| Jennifer Antonette Webster | ) | |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S MEMORANDUM IN |
| v. | ) | SUPPORT OF ITS MOTION TO FILE |
| | ) | EXHIBITS TO THE COMPLAINT |
| John Doe, a.k.a. BenedictArnold, | ) | UNDER SEAL AND FOR |
| a.k.a. POTC | ) | PROTECTIVE ORDER |
| | ) | |
| Defendant. | | |

## **INTRODUCTION**

"It is uncontested… that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978). Examples where it would be appropriate to deny public access to documents include when such documents are used to "gratify private spite or promote public scandal." *Id*. Indeed, the Fourth Circuit "has recognized that in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014).

Accordingly, the Federal Rules of Civil Procedure allow this Court to require that filings be made under seal without redaction, that certain information be redacted for good cause, and that a redacted copy of sealed documents be kept in the public record. Fed. R. Civ. P. 5.2(d)-(f). The Federal Rules of Civil Procedure also allow a party to seek a protective order to protect them

1

"from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). To obtain such a protective order, this Court requires that the proposed sealed documents be accompanied by a public motion to seal. Local Civ. R. 79.2(b)(1).

North Carolina in particular recognizes that public access to salacious materials is improper because it generally considers such materials to be harmful to minors under N.C.G.S. § 14-190.13(1d) and, correspondingly, has implemented a statutory scheme to prohibit commercial entities from knowingly and intentionally publishing or distributing such material in the absence of some form of age and identity verification mechanism. N.C.G.S. § 66-501.

## STATEMENT OF FACTS

Plaintiff is initiating this action alleging violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202 et. seq. (hereinafter DMCA) with respect to visual works that are of a salacious nature (hereinafter, the "Works"). Exhibits A – S of the Complaint establish the factual basis for Plaintiff's claims and depict these Works.

The Works were originally published to a limited set of individuals who were members of a closed and moderated group. Due to the Works being leaked from that controlled setting and republished on the public internet, Plaintiff has suffered embarrassment and shame in her personal life, including among her minor children. Consequently, Plaintiff has ceased publication of the Works and other similar materials in hopes of restoring her life and career to the status quo ante.

## ARGUMENT

1. Good Cause Exists to File Exhibits Under Seal

Good cause exists to file Exhibits A – S under seal because they contain salacious images the public disclosure of which is likely to annoy and embarrass Plaintiff, as well as subject

Plaintiff to undue burden within her local community. Further, public disclosure of the images are highly susceptible for use in gratifying private spite (e.g., in retaliation for filing this action by continuing to distribute the images at issue under pseudonyms or anonymously on public internet image boards). As such, the images depicted in Exhibits A – S are of a kind for which a protective order under Fed. R. Civ. P. 26(c)(1) and filing under seal pursuant to Fed. R. Civ. P. 5.2(d)-(f) is appropriate.

    2. Plaintiff's Motion Properly Balances Plaintiff's Privacy Interest Against the Public Interest by Limiting Disclosure Through the Least Restrictive Means

The salacious nature of Exhibits A – S implicate privacy and dignity interests far outweighing any minimal public interest in indiscriminate access to the images themselves. The public's interest in the Exhibits are negligible at best, as the content of the images are not at issue in this DMCA action.

Rather, at issue is whether the depicted images have been republished with copyright management information (CMI) cropped out. These facts can be discerned without implicating Plaintiff's privacy interest by keeping redaction narrowly tailored to Plaintiff's face and torso and leaving surrounding context, including CMI, unredacted. In this way, a DMCA violation can be discerned by identifying where CMI present in the redacted Works and determining whether that CMI is also present in their republished versions.

By keeping redactions limited to the Exhibits and filing the Complaint itself without redaction, only salacious content is withheld from the public. As such, Plaintiff moves this Court to use the least restrictive means of protecting the privacy interests of the parties while correspondingly protecting the public's interest in disclosure.

3

3. Plaintiff's Request is Procedurally Proper

Plaintiff's Motion to File Exhibits to the Complaint Under Seal complies with the relevant procedural requirements of the local and federal rules of civil procedure and is supported by this memorandum of law.  Unredacted copies of Exhibits A – S are being concurrently filed under seal in accordance with Local Civ. R. 79.2(b).

## CONCLUSION

For the reasons discussed above, the Court should permit Plaintiff to file Exhibits A – S to the Complaint under seal, with a redacted version of the Complaint maintained on the public docket.  Additionally, should Defendant wish to file documents or materials similarly depicting Defendant, Defendant should be ordered to move for leave to do so under seal in accordance with Local Civ. R. 79.2.

Dated:  May 14, 2025

/s/    William G. Pagán
William G. Pagán
N.C. State Bar No. 47996
David E. Bennett
N.C. State Bar No. 12864
COATS AND BENNETT, PLLC
1400 Crescent Green Drive, Suite 300
Cary, NC 27518
Phone/Fax: (919) 854-1844
wpagan@coatsandbennett.com
dbennett@coatsandbennett.com

***ATTORNEYS FOR PLAINTIFF***